## Weaver v. Nationwide Mutual Insurance Co.

*George P. Noel*, for plaintiff.
*Edward J. Carney, Jr.*, for defendant.

BLOOM, *J.*, January 17, 1983—The matter first came before this court as a non-jury trial. At that trial, we determined that plaintiff was not entitled to stack No-fault uninsured motorist coverage and that the insurance company was liable for the sum of $15,000 plus interest at the rate of 18 percent.

Both sides have filed oral and written exceptions to our order, thus necessitating this opinion.

The parties have stipulated to the facts of the matter. A correct copy of this stipulation is attached to the notes of testimony and we will make reference to same.

Basically, the facts are that:

1. Plaintiff is authorized to act on behalf of decedent.

2. Decedent, at the tie of his death, was 17 years of age and a passenger in one of three vehicles insured by defendant.

3. That each insurance policy carried a $15,000 maximum sum recoverable due to injuries or death caused by an uninsured motorist.

4. That the injuries resulting in decedent's death were caused by an uninsured motorist.

5. That decedent, during his lifetime, would earn in excess of $45,000.

Defendant has refused to make payments on the second and third policies but has made payment on

the first policy as of November 5, 1982, which is some 20 months after demand was made.

The parties have agreed that the issues to be decided by this court are as follows:

1. Whether basic loss benefits in the sum of $15,000 are recoverable by plaintiff.

2. Whether plaintiff can "stack" wage loss benefits in separate policies.

3. Whether interest and counsel fees are properly recoverable.

Our Supreme Court, in Allstate v. Hefner, 421 A. 2d 629 (1980), established that work loss benefits were recoverble. Further, our Superior Court in Freeze v. Donegal Mut. Ins. Co., 301 Pa. Super. 344 447 A. 2d 999 (1982) held that the estate of a deceased victim could recover work loss benefits under the No-fault Act and the fact that the deceased victim was a minor who never worked did not preclude recovery. Accordingly, we must agree that basic loss benefits are recoverable by plaintiff.

The second issue is somewhat more complicated since our Appellate Courts have given us no direction. We are aware that other Courts of Common Pleas have permitted Plaintiffs to stack coverage. Wilson v. Keystone Ins. Co., (Court of Common Pleas, Philadelphia County, 1981).

However, the Court of Common Pleas of Delaware County recently decided that stacking of this type of benefits is not permissible. President Judge Francis J. Catania, in Baxter v. Nationwide Insurance Co., no. 81-06916, in his opinion filed August 3, 1982, reasoned that since the Federal Court in the Western District of Pennsylvania in the case of Kirsch v. Nationwide Insurance Co., Slip Opinion 81-217, decided that a correct interpretation of the

No-fault Act would not allow stacking. We are in agreement with Baxter, supra, in that Kirsch, supra, when it held that in the case of serious injury, the tort-feasor is still intended to be the liable party.

The Kirsch court further noted "The Legislature enacted the No-fault Act to "assure every victim . . . recovery of a reasonable amount of work loss, replacement services, and survivor's loss." Since the legislature placed specific ceilings on these types of recovery, it can reasonably be inferred that these ceilings represent that "reasonable amount" of recovery to be provided by the act. The legislature also found that this type of insurance law "eliminates the need to determine fault except when the victim is seriously injured." The ceilings of recovery thus represent that the legislature intended to be the demarcation between serious and minor injuries.

We must hold that in matters of serious injury, the tort-feasor is still the liable party.

Lastly, we turn to the issue of interest and attorney's fees.

Our Supreme Court in Hayes v. Erie Ins. Exchange, 425 A. 2d 419 (1981) held that No-fault benefits not paid within 30 days of proof of loss bear an interest rate of 18 percent. In our case, plaintiff made demand on March 5, 1981 for the benefits and payment was not tendered until November 5, 1982. Accordingly, defendant must pay interest on those benefits from March until November at an annual interest rate of 18 percent.

Plaintiff has also requested attorney's fees in the amount of $1,500. The rule of law concerning payment of attorney's fees in connection with the collection of No-fault benefits is also found in Hayes, supra. The Superior Court held that attorney's fees

are collectible *only* when the insurance carrier did not act in good faith or with reasonable foundation.

From the evidence presented to this court, we cannot find that the insurance carrier acted in bad faith. We note that the Superior Court did not hand down its decision in Freeze, supra, until July of 1982. The insurance carrier acted within a reasonable time in tendering payment of its obligation.

Therefore, we enter the following

### ORDER

And now, January 17, 1983, after hearing testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. Plaintiff's request to stack coverage is denied.

2. Defendant is to pay plaintiff $15,000 plus interest of 18 percent as of March 5, 1981.

3. Plaintiff's request for attorney's fees is denied.